■ Leslie Trinin, Appellant, v Victoria Classics, Ltd., et al., Respondents. [42 NYS3d 793]—

Judgment, Supreme Court, New York County (Donna M. Mills, J.), entered April 7, 2016, awarding plaintiff judgment against defendants in the sum of $87,602.74, representing an unpaid bonus for 2007 plus interest, as well as judgment of $30,472 in liquidated damages, legal fees and reimbursable expenses, unanimously modified, on the facts, to increase the legal fees award by the amount of $10,675, and otherwise affirmed, without costs. The Clerk is directed to enter an amended judgment accordingly. Appeal from order, same court and Justice, entered March 9, 2015, which, inter alia, denied plaintiff's cross motion for summary judgment with respect to unpaid bonuses for the years 2008-2013, and granted defendants' motion for summary judgment dismissing the claims with respect to those years, and referred the issue of reasonable attorneys' fees to a special referee, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The terms of the parties' agreement, as determined within its four corners and disregarding extrinsic evidence, are unambiguous (*Brad H. v City of New York*, 17 NY3d 180, 185-186 [2011]), and only entitle plaintiff to a bonus for 2007.

The amendment to Labor Law § 198 (1-a), which took effect on April 9, 2011, was not intended by the legislature to apply retroactively and, therefore, plaintiff is only entitled to recover liquidated damages equal to 25% of the total amount of the

wages found to be due (*see Majewski v Broadalbin-Perth Cent. School Dist.*, 91 NY2d 577, 584 [1998]; *see Gold v New York Life Ins. Co.*, 730 F3d 137, 143-144 [2d Cir 2013]; *Galeana v Lemongrass on Broadway Corp.*, 120 F Supp 3d 306, 317-319 [SD NY 2014]).

The special referee correctly determined that the lodestar method of calculating the fees due to plaintiff was reasonable under the circumstances of this case (*Sheridan v Police Pension Fund, Art. 2 of City of N.Y.*, 76 AD2d 800, 801 [1st Dept 1980]; *Friar v Vanguard Holding Corp.*, 125 AD2d 444 [2d Dept 1986]; *see Nager v Teachers' Retirement Sys. of City of N.Y.*, 57 AD3d 389, 390 [1st Dept 2008], *lv denied* 13 NY3d 702 [2009]). However, the mathematical formula was incorrectly applied, requiring that the legal award be increased by the amount of $10,675, for a total legal fees award of $19,049. Concur—Friedman, J.P., Saxe, Richter, Gische and Kapnick, JJ.